**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------X
STEPHEN CABALLERO,

                        Plaintiff,

      -against-

TMCNY, INC. d/b/a NEW YORK CITY HARLEY-DAVIDSON, JIM MCMACHAN, and FRED ANTALEK,

                        Defendants.
---------------------------------------------X

**COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, Stephen Caballero, by his attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff Stephen Cabellero ("Plaintiff") complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay the minimum wage and an overtime premium for hours Plaintiff was required to report to work, ready to perform work and actually perform work duties. Plaintiff seeks to recover unpaid back wages, the overtime premium, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiff Caballero also complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the New York City Human Rights Law, ("NYCHRL") seeking declaratory judgment, injunctive relief, and damages to redress the injuries Plaintiff has suffered as a result of being retaliated against due to his then significant other's **objection to and complaints about sexual harassment and gender discrimination**.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)) and 42 U.S.C. § 2000e-5(f)(3). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district based upon Defendants' residency within Queens County, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

6. Plaintiff Caballero has filed an EEOC charge and a Right to Sue has been issued. This action is being commenced within ninety (90) days of receipt of the Right to Sue letter.

## PARTIES

7. That at all times relevant hereto, Plaintiff Stephen Caballero ("Caballero") is a resident of the State of New York and Queens County.

8. Defendant TMCNY, Inc. ("TMCNY") d/b/a New York City Harley-Davidson is and was a Domestic Business Corporation doing business at 42-11 Northern Blvd, Long Island City, NY 11101.

9. That at all times relevant hereto, Defendant Jim McMachan ("McMachan") was and is a manager for Defendant TMCNY and had direct control over Plaintiff's work and employed Plaintiff Caballero under the FLSA and NYLL.

10. That at all times relevant hereto, Defendant Fred Antalek ("Antalek") was and is a manager for Defendant TMCNY.

11. That at all times relevant hereto, Defendant TMCNY was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

## STATEMENT OF FACTS

12. Plaintiff Caballero began working for Defendant TMCNY in or around December 2020 as a Service Technician.

13. Defendants paid Plaintiff Caballero twenty-eight (28) dollars an hour.

14. Plaintiff Caballero worked from Monday to Friday from 7:00 a.m. to 6:00 p.m. regularly and often many more hours depending on what was happening at the time.

15. On a near daily basis, after clocking out, Defendant McMachan or another manager would demand that Plaintiff Caballero stay to complete other tasks.

16. This work was performed without any compensation and was approximately seven (7) hours each week.

17. Further, Defendants failed to use the clock in/out records from their system to calculate hours worked each week. This resulted in Defendants paying Plaintiff Caballero for fewer hours than he actually worked.

18. Defendants' practice of doing this was intended to reduce labor costs and profitability of their store. Defendants were aware that what they were doing was in violation of the FLSA and NYLL.

19. Beginning on or about December 21, 2021, Plaintiff Caballero worked from Monday to Friday from 7:00 am to 3:00 p.m., reducing his working hours to forty (40) per week, for which he was appropriately compensated.

20. Defendants' failure to pay proper wages for each hour worked between December of 2020 and December 21, 2021 was willful.

21. Each of the hours for which Plaintiff Caballero was not paid would have been over forty (40) for the week and thus due time and a half as an overtime premium.

22. While employed by Defendants, Plaintiff Caballero's then significant other, Aneira Rosario, made numerous complaints to management and human resources about sexual harassment and discrimination happening within the workplace.

23. Plaintiff Caballero was retaliated against due to Ms. Rosario's complaints of discrimination.

24. On numerous occasions, Defendant Antalek physically threatened Plaintiff Caballero, asking him to fight outside and calling him a "faggot." Defendant Antalek's actions are due to Plaintiff Caballero having been in a relationship with Ms. Rosario and were in retaliation for the protected activities Ms. Rosario had engaged in.

25. As a result of this harassment and physical threats, Plaintiff Caballero resigned from his employment as no reasonable person would continue to work in an environment where they were required to endure physical threats from their managers.

26. As a result of Defendants' actions, Plaintiff has suffered lost wages, lost overtime, emotional distress, and other losses. Plaintiff is also due liquidated damages and punitive damages as all of Defendants' actions were willful and with full knowledge of the law.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

28. Defendants willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff for all hours worked during their employment.

29. Defendants failed to pay any wages for hours worked by Plaintiff as described herein and as is required by the FLSA. For those hours, Plaintiff was compensated nothing and therefore they were not paid the minimum hourly wage proscribed by law.

30. Defendants also failed to provide the overtime premium rate of one and a half times their

regular hourly rate as is required by the FLSA for those hours for which they were not paid.

31. Defendants failed to compensate Plaintiff for all hours worked in violation of the FLSA.

32. Defendants' violation of the FLSA was willful.

33. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages and other damages as described and demanded herein.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW

34. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

35. Plaintiff was employee of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

36. Defendants' failure to comply with the New York Labor Law minimum wage protections caused Plaintiff to suffer loss of wages and interest thereon.

37. Defendants' failure to pay proper wages for each hour worked was willful.

38. Defendants also failed to pay overtime pay as is required by the New York Labor Law.

39. Defendants also failed to provide bonuses which were part of Plaintiff' wages as defined by the New York Labor Law.

40. Defendants' violation of the New York Labor Law were willful.

41. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

### AS A THIRD CAUSE OF ACTION FOR
### FOR DISCRIMINATION AND RETALIATION UNDER TITLE VII
### (AGAINST DEFENDANT TMCNY ONLY)

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants.

45. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of their connection to an individual who opposed unlawful employment practices of Defendants.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. The New York City Administrative Code Title 8, §8-107 (7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

48. Defendant violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

51. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. New York City Administrative Code Title 8-107(19) **Interference with protected rights**. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

54. Defendant violated the section cited herein as set forth.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against the Defendants:

A. Awarding all wages not paid and damages due as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

C. Awarding damages to the Plaintiff to otherwise make them whole for any losses suffered as a result of such unlawful employment practices including emotional and compensatory damages;

D. Awarding Plaintiff punitive and liquidated damages;

E. Awarding Plaintiff attorney fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
      November 28, 2022

**THE ROSE LAW GROUP, PLLC**

      **/s/Jesse C. Rose**
Jesse C. Rose (JR-2409)
3272 Steinway Street
Suite 503
Astoria, New York 11103
PH: (718) 989-1864